UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DONNA JURAS,                              :
                                          :   CIVIL ACTION NO.:
                    Plaintiff             :
                                          :
        v.                                :
                                          :
A LITTLE LUNCH, LLC                       :
                    Defendant             :   JULY 6, 2007

## COMPLAINT

### INTRODUCTION

1. This is an action for money damages, liquidated damages, costs, attorneys' fees and other relief as a result of Defendant's failure to pay overtime compensation to Plaintiff, in violation of federal and state wage and hour laws. This is further an action for money damages and other relief for violation of the Connecticut Fair Employment Practices Act, C.G.S. § 46a-58 *et seq.*

2. Plaintiff brings this as an individual action under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* (hereinafter "FLSA").

3. In addition, Plaintiff brings this as an individual action under the Connecticut Minimum Wage Act, Conn. Gen. Stat. Sec. 31-58 *et seq.* (hereinafter "CMWA").

### PARTIES

4. Plaintiff, Donna Juras, is an individual presently residing in Farmington, Connecticut.

5. The Defendant is A Little Lunch, LLC, which operates a dating service under the name It's Just Lunch, located at 185 Asylum Street, Hartford, CT 06103. It's Just Lunch is a

franchise of a nation-wide dating and matchmaking service known as "It's Just Lunch."

It's Just Lunch describes itself as a "specialized dating service for busy professionals."

The It's Just Lunch Hartford franchise is owned and operated by Defendant A Little Lunch, LLC, which in turn is owned and operated by Trinity Flood.

6. Defendant is an employer engaged in interstate commerce as that term is defined under the Fair Labor Standards Act.

## JURISDICTION

7. The United States District Court for the District of Connecticut has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because it raises questions under Federal Law. Supplemental jurisdiction of Plaintiff's state law claims is conferred under 28 U.S.C. § 1367.

## PROCEDURAL REQUIREMENTS

8. On May 23, 2006, Plaintiff filed a charge of discrimination with the Connecticut Commission on Human Rights and Opportunities.

9. On April 11, 2007, the Connecticut Commission on Human Rights and Opportunities, issued Plaintiff a Release of Jurisdiction authorizing Plaintiff to commence a civil action against the Defendant within 90 days from the receipt of such Notice.

## FACTUAL BACKGROUND

10. Plaintiff was employed by Defendant as a Director beginning in January of 2006, a position that she held until the time her employment was terminated.

11. At times during the course of her employment with Defendant, Plaintiff worked overtime as that term is defined by the FLSA and the CMWA.

12. During her employment and continuing up until the present, Plaintiff was not paid overtime at the rate of one and one-half times her regular hourly rate for overtime as that term is defined by the FLSA and the CMWA.

13. At all times during her employment, Plaintiff performed job duties and responsibilities which made her non-exempt under the FLSA and CMWA.

14. In the position of Director, Plaintiff's principal job duties and responsibilities consisted of interviewing and meeting with prospective clients in an effort to sell memberships. Once the client became a member, Plaintiff would then participate in the identification and selection of "lunch matches."

15. During her employment, on several occasions Plaintiff was advised by Ms. Flood that certain prospective clients were not acceptable for membership with Defendant. Specifically, on numerous occasions, Ms. Flood advised the Plaintiff that Defendant would not accept female clients who were older than 52 years of age, and that 52 years of age was the "cut-off."

16. On one occasion, a woman came to Defendant's offices who Plaintiff believed was in her late 40's or early 50's. When the woman left, Ms. Flood made the comment to Plaintiff "What, did Mrs. Santa Claus get into an accident?"

17. In or about March of 2006, Ms. Flood advised the Plaintiff that she did not want to hire the Plaintiff "because of [her] age" but that Ms. Flood's father advised that she should.

18. On April 3, 2006, Plaintiff was terminated from her employment.

19. Upon information and belief, Defendant has a pattern and practice of discriminating against persons on account of their age.

## COUNT ONE      VIOLATION OF THE FAIR LABOR STANDARDS ACT

20. Based on the foregoing, with specific reference to Paragraphs 10 through 19 above, Defendant has failed to pay the Plaintiff overtime wages for hours worked in excess of forty (40) in one week at a rate of one and one-half times her regular hourly rate.

21. Defendant's failure to pay Plaintiff overtime at the rate of one and one-half times her regular hourly rate for all hours worked in excess of forty (40) per week was willful.

22. As a result of Defendant's wilful violation of the FLSA, Plaintiff is entitled to compensation for all overtime hours worked computed at one and one-half times her regular hourly rate, liquidated damages, attorneys' fees and court costs.

## COUNT TWO      VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT

23. Based on the foregoing, with specific reference to Paragraphs 10 through 19 above, Defendant has failed to pay the Plaintiff overtime wages for hours worked in excess of forty (40) in one week at a rate of one and one-half times her regular hourly rate.

24. Defendant's failure to pay Plaintiff overtime at the rate of one and one-half times her regular hourly rate for all hours worked in excess of forty (40) per week was willful.

25. As a result of Defendant's wilful violation of the Connecticut Minimum Wage Act, C.G.S. Section 31-58, *et seq.*, Plaintiff is entitled to compensation for all overtime hours worked computed at one and one-half times her regular hourly rate, interest, liquidated damages, attorneys' fees and court costs.

## COUNT THREE    TERMINATION BASED ON AGE IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT

26. Based on the foregoing, with specific reference to Paragraphs 10 through 19 above, Plaintiff was terminated on account of her age in violation of the Connecticut Fair Employment Practices Act, Connecticut General Statutes § 46a-58 *et seq.*

27. The aforesaid actions and omissions on the part of Defendant were with malice and were intentional in that they were willful, wanton, and/or were taken in reckless disregard of the Plaintiff's rights.

28. Additionally, upon information and belief, Defendant has a pattern and practice of discriminating against persons on account of their age.

29. As a result of the aforesaid unlawful acts, Plaintiff has suffered and continues to suffer damages, including loss of employment, salary, and fringe benefits, promotional opportunities, a depletion of personal savings, mental anguish, emotional distress, humiliation, and embarrassment.

30. As a further result of the actions of Defendant, Plaintiff has incurred and will continue to incur attorneys' fees and costs in pursuing this action.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff claims:

1. Compensatory damages, including damages for emotional distress and for injury, impairment of future earnings, and loss of benefits;

2. Punitive damages;

3. Back pay and front pay;

4. Unpaid Overtime Wages under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*, and Connecticut General Statutes Section 31-58 *et seq.*;

5. Liquidated Damages under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*, and Connecticut General Statutes Section 31-58 *et seq.*;

6. Interest and costs;

7. Attorneys' fees under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*, and Connecticut General Statutes Section 31-58 *et seq.*, and the Connecticut Fair Employment Practices Act; and

8. Such other relief as in law or equity may pertain.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Plaintiff,
Donna Juras,

By: _____
Katalin A. Demitrus (ct26884)
Madsen, Prestley & Parenteau, LLC
44 Capitol Avenue, Suite 201
Hartford, CT 06106
Tel: (860) 246-2466
Fax: (860) 246-1794
Attorneys for the Plaintiff